UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-733-RJC

| | |
|---|---|
| ROGER LEE DEAL, SR., )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>FNU HASSAN, Camp Doctor, )<br>UTILIZATION REVIEW BOARD STAFF, )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e) and § 1915A. Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on November 5, 2012. On November 14, 2012, this Court entered an Order requiring an initial partial payment from Plaintiff's inmate trust account. (Doc. No. 4).

First, as for Plaintiff's motion to proceed in forma pauperis, the Court has examined Plaintiff's financial statement and finds that Plaintiff qualifies for in forma pauperis status for the purpose of this initial review. Therefore, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis.

**I.  BACKGROUND**

Plaintiff is a state court inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff brings a claim for deliberate indifference to serious medical needs against prison doctor Sami Hassan and the "Utilization Review Board Staff" (i.e., the North Carolina Department of Correction Utilization Review Board) based on the

following factual allegations in the Complaint:

> I was sent to Dr. Price Jr. (neurosurgeon) who did a back fusion on L4-L5 in 2007. I was hurt were [sic] I was kick[ed] in the back by a inmate and told him that the methadone that I am on has cause[d] me to file a medical emergenc[y] on several occasion were I had a fast heart rate and though[t] I was going to have a heart attack. Doctor Price order M.S. Cotton 30 mg and to be sent back to a neurologist. The U.R. board deny them both. Such conduct amounts to deliberate indifference. Officials may not substitute their judgment for a medical professional's prescription or order. Similarly, a medical official who has also only general knowledge about a particular field of medicine may not substitute her judgment for that of a specialist. The warning on side effects say warning may cause fatal heart problems.

(Doc. No. 1 at 4). As requested relief, Plaintiff states:

> I need a[n] injunction to make them follow the specialist order to change my prescription and to be seen by a neurologist. Enter judgment in favor of plaintiff for nominal compensatory, and punitive damages as allowed by law against each defendant. Order such additional relief as this court order may deem just and proper, nominal compensatory and punitive and injunctive relief.

(Id.).

## II. STANDARD OF REVIEW

### A. Initial Review under 28 U.S.C. § 1915(e)(2)

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**B.      Exhaustion of Administrative Remedies under 42 U.S.C. § 1997e(a)**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a Section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ

Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

In his pro se Complaint, Plaintiff states that he has exhausted his administrative remedies as to his claim in this lawsuit by filing a grievance in October 2012. See (Doc. No. 1 at 2). In his Administrative Remedy Statement, however, Plaintiff did not attach a grievance from October 2012. Instead, he attached a grievance form dated March 7, 2012. In the March 7, 2012 grievance, Plaintiff complains that other inmates have assaulted him twice since his incarceration at Lanesboro. (Doc. No. 6 at 2). Plaintiff further alleges that he suffers from "very sharp pain on the right side of my lower back with both legs num[b] and muscle spasms everywhere. I need to get back to Dr. Price to see what is mess up, and until then to be safe from harm." (Id.). As relief, Plaintiff asks for prison officials to "keep me in [protective custody] and send me to Mr. Price." (Id.). The March 7, 2012 grievance form indicates that prison officials rejected Plaintiff's grievance on March 12, 2012, stating that "[t]his grievance is returned and can only be accepted when your current grievance completes step two." (Id.).

Plaintiff has also attached a grievance form dated March 16, 2012, in which Plaintiff states, "The [utilization review] board has denied my [baclofen] and I have muscle spasms

everywhere. I need to get my [baclofen] back and to be sent back to see Dr. Price and get a CT scan run, also have a lot of neck pain need a[n] x-ray on my neck to[o]. [A]lso need to increase [neurontin]." (Id. at 4). The grievance form indicates that prison officials received Plaintiff's grievance March 19, 2012, but Plaintiff has not attached any further documentation as to Plaintiff's March 16, 2012, grievance. (Id.).

Despite Plaintiff's contention to the contrary, the record shows that Plaintiff has not exhausted his administrative remedies as to his claim of deliberate indifference to serious medical needs based on his contention that Methadone is causing him to suffer from rapid heartbeats, and that medical officials at the prison, as well as the North Carolina Department of Correction Utilization Review Board, have refused to discontinue his Methadone treatment. Because Plaintiff has not exhausted his administrative remedies, this action must be dismissed.[1]

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action based on Plaintiff's failure to exhaust administrative remedies.

---

[1] Because the Court is dismissing this action for failure to exhaust administrative remedies, the Court may not address the merits of Plaintiff's Complaint. The Court notes, in any event, that as to Defendant Dr. Hassan, Plaintiff makes no allegation in the Complaint whatsoever of any personal involvement by Dr. Hassan. Personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Furthermore, Plaintiff alleges, at most, that he has experienced a rapid heartbeat, and he surmises that the Methadone he is taking has caused it. Plaintiff does not allege, however, that he had a heart attack, nor does he allege that he is even in pain as a result of taking the Methadone. Plaintiff also seeks to be examined by a neurologist, but a mere disagreement regarding his course of treatment does not state a claim for deliberate indifference to a serious medical need. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). The Court observes, therefore, that even if Plaintiff had exhausted his administrative remedies, the Complaint would likely be subject to dismissal based on failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED** for the limited purpose of the Court's initial review.

2. The Court has conducted its initial review and dismisses this action for failure to exhaust administrative remedies. The dismissal is without prejudice to Plaintiff to refile this action after he exhausts his administrative remedies.

3. The Clerk is directed to terminate this case.

Signed: December 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge