UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-733-RJC

| | |
|---|---|
| ROGER LEE DEAL, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) **ORDER**<br>)<br>FNU HASSAN, Camp Doctor, )<br>UTILIZATION REVIEW BOARD STAFF, )<br>ET AL., )<br>)<br>Defendants. )<br>_____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Pro Se Motion for Injunction," (Doc. No. 10), filed on January 23, 2013.

In this action filed on November 5, 2012, Plaintiff, a state court inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina, purported to bring a claim for deliberate indifference to serious medical needs against prison doctor Sami Hassan and the "Utilization Review Board Staff" (i.e., the North Carolina Department of Correction Utilization Review Board) based on the following factual allegations in the Complaint:

> I was sent to Dr. Price Jr. (neurosurgeon) who did a back fusion on L4-L5 in 2007. I was hurt were [sic] I was kick[ed] in the back by a inmate and told him that the methadone that I am on has cause[d] me to file a medical emergenc[y] on several occasion were I had a fast heart rate and though[t] I was going to have a heart attack. Doctor Price order M.S. Cotton 30 mg and to be sent back to a neurologist. The U.R. board deny them both. Such conduct amounts to deliberate indifference. Officials may not substitute their judgment for a medical professional's prescription or order. Similarly, a medical official who has also only general knowledge about a particular field of medicine may not substitute her judgment for that of a specialist. The warning on side effects say warning may cause fatal heart problems.

-1-

(Doc. No. 1 at 4). As requested relief, Plaintiff states:

> I need a[n] injunction to make them follow the specialist order to change my prescription and to be seen by a neurologist. Enter judgment in favor of plaintiff for nominal compensatory, and punitive damages as allowed by law against each defendant. Order such additional relief as this court order may deem just and proper, nominal compensatory and punitive and injunctive relief.

(Id.).

This Court entered an Order and Judgment dismissing this action on January 2, 2013. (Doc. Nos. 8; 9). Plaintiff filed the pending motion for an injunction on January 23, 2013, after final judgment had already been entered in this case. In the motion for an injunction, Plaintiff seeks an Order from the Court ordering Plaintiff to be transferred to another prison, to make the prison follow Dr. Price's orders, and "to quit trying to cause [him] injury or death." (Doc. No. 10 at 1; 3). For the most part he merely restates the facts that gave rise to the purported claims in this lawsuit that have already been dismissed. Plaintiff alleges, among other things, that the medical staff let his Methadone medication run out; that he has tried to get the medical staff to change his medication because of the side effects, such as a fast heart rate and breathing difficulties; that neurosurgeon Dr. Price had told the medical staff to change his medication to "M.S. Cotton" and that the Utilization Review Board refused to comply with Dr. Price's instructions; that when he was at Central Prison a guard told him that the guards were trying to kill him; and that the "victim's" family has also paid to have him killed.

Because the Court has already dismissed this action, the Court will deny the pending motion for an injunction as moot. To the extent that Plaintiff has claims arising from facts that he did not allege in this lawsuit and that this Court has not already adjudicated, Plaintiff must file a separate Complaint in a new civil action to allege those claims.

-2-

**IT IS, THEREFORE, ORDERED THAT** Plaintiff's "Pro Se Motion for Injunction," (Doc. No. 10), is **DENIED**.

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge